UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

DEUTSCHE ZENTRALGENOSSENSCHAFTSBANK
AG, NEW YORK BRANCH, d/b/a DZ BANK AG,
NEW YORK BRANCH; DEUTSCHE
GENOSSENSCHAFTS-HYPOTHEKENBANK AG; and
DG HOLDING TRUST,

       Plaintiffs,    13 Civ. 393

 -against-          OPINION

BANK OF AMERICA CORPORATION; BANK OF
AMERICA, N.A.; COUNTRYWIDE FINANCIAL
CORPORATION; COUNTRYWIDE SECURITIES
CORPORATION; COUNTRYWIDE CAPITAL
MARKETS, LLC; MERRILL LYNCH & CO.,
INC.; MERRILL LYNCH, PIERCE, FENNER &
SMITH, INC. (f/k/a BANC OF AMERICA
SECURITIES LLC); MERRILL LYNCH
MORTGAGE INVESTORS, INC.; CREDIT-BASED
ASSET SERVICING AND SECURITIZATION
LLC; and ASSET BACKED FUNDING
CORPORATION,

       Defendants.

------------------------------------------X

A P P E A R A N C E S:

   Attorneys for Plaintiffs

   LABATON SUCHAROW, LLP
   140 Broadway
   New York, NY 10005
   By: Joel H. Bernstein, Esq.
     Mark S. Arisohn, Esq.
     Michael Lee Woolley, Esq.

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 3/3/15]

Attorneys for Defendants
---

MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
By:  Achyut J. Phadke, Esq.

MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
By:  James Christopher Rutten, Esq.
     Marc T.G. Dworsky, Esq.

GOODWIN PROCTER, LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
By:  Daniel Prugh Roeser, Esq.

MORGAN LEWIS & BOCKIUS LLP
399 Park Avenue
New York, NY 10022
By:  Susan F. DiCicco, Esq.
     Matthew Minerva, Esq.

**Sweet, D.J.**

Defendants, through a letter application pursuant to Rule for the Division of Business Among District Judges of the Southern District of New York ("RDB") 13, request that this action be reassigned to the Honorable Lewis Kaplan as related to <u>IKB International S.A. in Liquidation v. Bank of America Corp.</u>, 12 Civ. 4036 ("IKB Case").

Under RDB 13(a)(2), "[c]ivil cases shall not be deemed related merely because they involve common legal issues or the same parties" and "civil cases presumptively shall not be deemed related unless both cases are pending before the Court (or the earlier case is on appeal)." The IKB Case was decided by Judge Kaplan and affirmed by the Second Circuit. <u>See</u> Fed. App'x 26 (2d Cir. 2014). Plaintiffs' deadline to file a writ of <u>certiorari</u> has expired. Consequently, both cases are no longer pending before the Court.

Having considered Defendants' arguments, the Court finds that the cases are not related. Defendants' application is denied and the current case will not be reassigned.

It is so ordered.

**New York, NY**
**February 28, 2015**

_____
ROBERT W. SWEET
U.S.D.J.

2